UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS POWERS, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3057 |
| SHAN JUMPER, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

On December 9, 2013, Plaintiff witnessed Defendant Mann make a derogatory remark to resident Craig Childress about Mr. Childress' physical disability. Defendant Davidson heard the derogatory remark as well. Plaintiff filed a complaint with the Inspector General's Office about the unprofessional behavior. Shortly thereafter, Plaintiff was interviewed by Defendant Clayton, who told Plaintiff that Plaintiff would suffer the consequences if Plaintiff did not keep his mouth shut. Plaintiff stood by his

complaint. Defendant Clayton then filed a false disciplinary report against Plaintiff in retaliation. Plaintiff's grievances about the retaliation were ignored or denied by Defendants Ashby and Simpson. Defendant Clayton also shook down Plaintiff's room in retaliation.

Plaintiff states a First Amendment retaliation claim against Defendant Clayton and possibly Defendants Mann and Davidson, who may have played a part in the retaliation. Defendant Jumper may also be involved due to his presence on the Behavior Committee.

However, no claim is stated against Defendants Ashby or Simpson. Improper handling or the denial of Plaintiff's grievances does not state a constitutional claim. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer

would automatically be attributed up the line to his highest superior . . . .").

Plaintiff has filed a motion for the appointment of counsel, but he appears competent to proceed pro se at this point. In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has experience litigating in federal court and his pleadings are well written. Plaintiff's retaliation claim is relatively simple. He already has personal knowledge of many of the relevant facts and possession of some relevant documents.

**IT IS ORDERED:**

1. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim against Defendants Clayton, Jumper, Mann, and Davidson for retaliation for Plaintiff's exercise of his First Amendment rights. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the

Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2.    Defendants Ashby and Simpson are dismissed.

    3.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4.    The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

    5.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.   **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

**(1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2), subject to revocation for failing to pay the partial filing fee;**

**(2) Plaintiff's motions to waive his partial filing fee of $5.66 are denied (d/e's 11, 13) with leave to renew by**

November 18, 2013 upon attaching trust fund ledgers from October 1, 2012 through October 31, 2013;

(3) Plaintiff's motions for status are denied as moot (d/e's 12, 16; 25, 27)

(4) Plaintiff's motions to expedite and for a hearing are denied (d/e's 15, 18).

(5) Plaintiff's motion to change a hearing is denied as unnecessary (d/e 21).

(6) Plaintiff's motion to add a supplemental claim regarding Defendant Clayton's staring at Plaintiff is denied (d/e 26). The staring may be evidence of motive, but it is not actionable as a claim by itself.

(7) Plaintiff's motion for the appointment of counsel is denied (d/e 3).

ENTERED: 10/31/2013

FOR THE COURT:

                                  s/Sue E. Myerscough
                                  SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE